# NO. 12-19-00251-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRADLEY MARTIN WATT,* *APPELLANT* | *§* | *APPEAL FROM THE 402ND* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | *§* | *WOOD COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Bradley Martin Watt appeals from his conviction for possession of a controlled substance. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State,*** 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se response. We affirm.

## BACKGROUND

Appellant was charged by indictment with possession of one gram or more but less than four grams of methamphetamine. The indictment also included two enhancement paragraphs making Appellant eligible for punishment as a habitual offender. Appellant pleaded "not guilty," and the matter proceeded to a jury trial. During trial, the jury heard evidence that Mineola Police Officer Jeremy Smith was dispatched to a disturbance call on August 17, 2017. When he arrived on scene, Officer Smith heard a scream. Officer Smith testified that he proceeded to the residence's backyard and observed Appellant leaving a shed and carrying a backpack. Appellant was immediately restrained via handcuffs. A female also exited the shed, but she was not restrained. Appellant was then escorted to the street and "patted down." Appellant consented to a search of the backpack. Officer Smith found a bag of a brown, crystal-like substance that was later found to be methamphetamine. A second officer, Sergeant Frank Hurst, arrived and found a

black camera bag in the driveway, which also contained methamphetamine and a pipe. Officer Smith's body cam video was played for the jury, which showed Appellant had a black case in his pocket immediately prior to the camera bag being found in the driveway. Following evidence and argument, the jury found Appellant "guilty" of possession of a controlled substance. During the punishment portion of trial, Appellant pleaded "true" to the indictment's enhancement paragraphs. The jury sentenced Appellant to forty years imprisonment. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that she has reviewed the record and found no arguable grounds for appeal. In compliance with *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.

Appellant contends in his pro se response that his trial attorney committed errors regarding the calling and questioning of witnesses, trial strategy, and jury selection.[1] We construe Appellant's contentions as an argument his trial counsel was ineffective.

When faced with an *Anders* brief and a pro se response by an appellant, an appellate court can either (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

### CONCLUSION

After conducting an independent examination of the record, we find no reversible error and conclude that the appeal is wholly frivolous. *See id*. Accordingly, we affirm the judgment of the trial court.

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403,

---

[1] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of her motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits and now *grant* counsel's motion for leave to withdraw.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered March 4, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MARCH 4, 2020

NO. 12-19-00251-CR

**BRADLEY MARTIN WATT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 402nd District Court
of Wood County, Texas (Tr.Ct.No. 23,407-2017)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*